[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16913
Non-Argument Calendar

_____

D. C. Docket No. 05-10031-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANILO ISIDORO SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Isidoro Suarez, through counsel, appeals the district court's denial of

his pro se motion for a reduced sentence, which was filed pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his motion for reconsideration. Suarez's § 3582(c)(2) motion was based on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to certain crack cocaine offenses. On appeal, Suarez argues that he was eligible for a sentence reduction because even though he was sentenced a career offender, the controlling precedent, United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied (Jan. 12, 2009) (No. 08-7610), was wrongly decided. Specifically, he maintains that Moore is wrong because, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny, the guidelines are not mandatory, and the district court has the discretion to consider that the Sentencing Commission has now retroactively lowered by two levels the crack offense guidelines. Suarez also contends that the district court possesses the discretion after considering the § 3553(a) factors, in conjunction with Booker and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to give him the benefit of the retroactive amendments to the crack offense guidelines.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in

2

the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706, which has been made retroactive, amended the drug quantity table in § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." Moore, 541 F.3d at 1325. However, if a defendant is a career offender, his base offense level is determined under the career offender guideline in § 4B1.1(b) and not the drug quantity guideline in § 2D1.1(c). Id. at 1327-28. Defendants who are sentenced under the career offender guideline are not sentenced under § 2D1.1, and therefore Amendment 706 has no effect on their applicable guideline range. Id. Additionally, we have deemed Booker and Kimbrough inapplicable to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (per curiam), cert. denied (May 18, 2009)(No. 08-8664). We are bound to follow our prior binding precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008), cert. denied (No. 08-8655) (U.S. May 18, 2009).

Because Suarez was sentenced as a career offender under § 4B1.1, the crack cocaine base offense level played no ultimate role in his sentence, and therefore, the district court correctly determined that he was not eligible for a § 3582(c)(2)

3

sentence reduction.  Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1]    Suarez's request for oral argument is denied.